UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GWENDOLYN WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 12-915 |
| TERREBONNE PARISH SCHOOL BOARD | SECTION: R |

**ORDER AND REASONS**

Before the Court is the unopposed motion to dismiss of defendant Terrebonne Parish School Board. Because plaintiff Gwendolyn Williams fails to state a claim upon which relief may be granted, the Court GRANTS defendant's motion.

**I. BACKGROUND**

In 2011, Gwendolyn Williams filed a complaint with the United States District Court for the Northern District of Illinois, after receiving a right to sue letter from the Louisiana Commission on Human Rights.[1] Plaintiff alleges that she was discriminated against on the basis of her race, in violation of Title VII and 42 U.S.C. § 1981, by Oaklawn Junior High School, a school within the Terrebonne Parish School District in Louisiana.[2] Plaintiff asserts that the school excluded her from meetings and used other tactics to keep her from successfully performing her job. She further contends that the school

---

[1] R. Doc. 1.

[2] *Id.*

retaliated against her when she attempted to assert her protected rights.[3] Defendant filed a motion to dismiss for lack of jurisdiction and improper venue, which the court granted in part and denied in part. On April 10, 2012, the case was transferred to this Court.[4] Defendant then filed a motion to dismiss on the ground that plaintiff has failed to state a claim upon which relief may be granted.[5]

## II. STANDARD

When a defendant attacks a complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired,*

---

[3] R. Doc. 1 at 3.

[4] R. Doc. 30.

[5] R. Doc. 44.

2

*Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

**III. DISCUSSION**

Plaintiff's complaint includes a series of journal entries in which she describes negative interactions with school staff members. For instance, plaintiff contends that she did not receive credit for assisting with the distribution of Christmas gifts and other voluntary efforts that she made, that she did not receive a piece of equipment she had been promised, and that she was treated disrespectfully by others at the school, in particular by a school employee named Mr. Foret.[6]

Although plaintiff describes in detail the reasons for which she was unhappy in her employment, she does not plead facts that make a claim of racial discrimination facially plausible. *Ashcroft*, 129 S.Ct. at 1949. In her only mention of race, plaintiff claims that Mr. Foret once used a racial epithet, but she states that he was referring to his father in so doing.[7] Plaintiff does not allege that any of the incidents described in her complaint resulted from her race. Nor can the Court discern

---

[6] R. Doc. 1 at 6-19.

[7] *Id.* at 7.

from plaintiff's pleading any possible examples of racial discrimination or retaliation. Thus, the Court finds that plaintiff has failed to state a claim upon which relief may be granted.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.

New Orleans, Louisiana, this 3rd day of December, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE